# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

September 19, 2016

## LETTER ORDER/OPINION

Re:   Carrington v. City of Jersey City, et al.
      Civil Action No. 15cv7030 (ES)(SCM)

Dear Litigants:

The Court has reviewed *Pro Se* Plaintiff Philip Carrington's "request to enter default" against defendant "Jersey City Internal Affairs Unit" and Director Alvin Pettit for failing to provide discovery.[1] The Court has also reviewed the Defendants' opposition.[2] For the reasons set forth herein, Mr. Carrington's motion is denied.

## PROCEDURAL HISTORY

This case concerns a civil rights complaint filed by Plaintiff Philip Carrington on September 23, 2015.[3] Mr. Carrington asserts claims against the City of Jersey City, its City Council, its Internal Affairs Unit, Police Director James Shea and several other City employees.

---

[1] See (ECF Docket Entry ("D.E.") 34).

[2] (D.E. 35).

[3] (D.E. 1).

On March 10, 2016, counsel for "Defendants, City of Jersey City, Jersey City City Council, … Jersey City Internal Affairs Unit" and the ten individual employee defendants moved for dismissal *in lieu* of answering the Complaint.[4]  Thereafter, the Court entered an initial scheduling order on June 27, 2016.[5]  The Scheduling Order prescribed the timing for the parties to serve and respond to discovery requests.[6]

According to the defense, Mr. Carrington served 112 interrogatories on the Jersey City Internal Affairs Unit and 42 interrogatories on Director Pettit.[7]  Mr. Carrington seeks relief arguing that the time for defendants to answer his interrogatories "has expired, has not been extended or enlarged."[8]  Defendants oppose, contending that Mr. Carrington a) has no legal basis to request default, b) served his discovery requests late, c) filed this motion without leave from the Court, and d) served requests upon offices that are not *jural* entities subject to suit.[9]

DISCUSSION

I.     MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[10]  This District specifies that magistrate judges may determine any non-dispositive pre-trial

---

[4] (D.E. 12).

[5] (D.E. 28).

[6] A pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). A scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

[7] (D.E. 35 at 1).

[8] (D.E. 34 at 2).

[9] (D.E. 35).

[10] 28 U.S.C. § 636(b)(1)(A).

motion,[11] and provides that discovery disputes shall be brought to the magistrate judge on an informal basis.[12] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[13]

## II. ANALYSIS

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[14] A prerequisite to the filing of any discovery motion is that the movant certify their efforts to confer or attempt to confer in good faith to resolve the issue without court action.[15] Our Local Rules further prescribe that counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.[16] The movant here has neither provided the required certification nor indicated that there was any meet and confer prior to the filing of this motion.

The Local Rules further require that upon reaching an impasse after meeting and conferring over a discovery dispute, counsel present the dispute "by telephone conference call or letter to the Magistrate Judge. This presentation shall precede any formal motion."[17] In case the Federal Rules and Local Rules were not clear enough on this topic, Paragraph 6 of the Scheduling Order prohibits

---

[11] L. Civ. R. 72.1(a)(1).

[12] L. Civ. R. 37.1.

[13] 28 U.S.C. § 636(b)(1)(A).

[14] Fed. R. Civ. P. 1.

[15] Fed. R. Civ. P. 37(a)(1).

[16] L. Civ. R. 37.1(a)(1).

[17] *Id.*

the filing of formal motions without leave of Court.[18] There is no indication in the record of any attempt to informally resolve this dispute. Instead, Mr. Carrington filed his motion. Going forward, Mr. Carrington shall make a *bona fide* effort to speak with counsel to resolve discovery disputes before writing the Court to request a discovery conference.

Paragraph 4 of the Scheduling Order was also clear that the parties could serve interrogatories limited to twenty-five (25) single questions upon each party.[19] Therefore, the Court will not compel answers to requests beyond the first twenty-five served on a particular party.

With regard to the propriety of interrogatories served upon the "Jersey City Internal Affairs Unit," the Court agrees with the defense that the Internal Affairs Unit is an arm of the City and is not separately subject to discovery. It is understandable for a layperson to believe the Internal Affairs Unit and City Council are separate entities considering that defense counsel entered an appearance "on behalf of Defendants, City of Jersey City, Jersey City City Council, … [and] Jersey City Internal Affairs Unit[]" rather than on behalf of Defendant, City of Jersey City (also improperly pled as the Jersey City City Council and Jersey City Internal Affairs Unit).[20]

An appropriate Order follows:

## ORDER

**IT IS** on this Monday, September 19, 2016,

1. **ORDERED**, that the Plaintiff Philip Carrington's request for default (D.E. 34) is denied without prejudice; and it is further

2. **ORDERED**, that Plaintiff Carrington and Assistant Corporation Counsel Adelman shall meet

---

[18] (D.E. 28 ¶ 6).

[19] (*Id.* at ¶ 4).

[20] (D.E. 5).

4

and confer within the next 10 days regarding this Order and any overdue discovery responses; and it is further

3. **ORDERED**, that Plaintiff Carrington and defense counsel shall appear for a status conference with Judge Mannion in Courtroom 2B on October 28, 2016 at 4:00 p.m.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/19/2016 1:47:14 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

5