## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
PHILIP CARRINGTON, PRO SE,      : Civil Action No.
                                : 2:15-cv-07030-ES-SCM
     Plaintiff(s),              :
                                :
vs.                             :
                                :
CITY OF JERSEY CITY, JERSEY     :
CITY CITY COUNCIL, OFFICERS N.:
GERAND, S. COLLIER, SEARGENT    :
JAMES CRECCO, OFFICERS SEAN     :
MULLAHEY, RAMON PEGUERO,        :
OFFICER HENNESSY, OFFICER       :
COMANDATORE, JERSEY CITY        :
INTERNAL AFFAIRS UNIT, POLICE :
DIRECTOR JAMES SHEA, DIRECTOR :
ALVIN PETTIT, JOHN HALLANA,     :
ASSIS CORP COUNSEL,             :
                                :
     Defendant(s).              :
_____:
```

---

## BRIEF ON BEHALF OF DEFENDANTS IN
## SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

**JEREMY FARRELL**
**CORPORATION COUNSEL**
Jersey City Law Department
City Hall-280 Grove Street
Jersey City, New Jersey 07302
(T) (201) 547-4810
(F) (201) 547-5230
E-mail: padelman@jcnj.org
Attorneys for Defendants
City of Jersey City, Jersey City
City Council, Officers N. Gerardi,
S. Collier, Sergeant James Crecco,
Officers Sean Mullahey, Ramon
Peguero, Officer Hennessy, Officer
Comandatore, Jersey City Internal
Affairs Unite, Police Director James
Shea, Director Alvin Pettit, John
Hallana, Assis Corp Counsel

**ON THE BRIEF:**

PHILIP S. ADELMAN, ESQ.
Assistant Corporation Counsel

# TABLE OF CONTENTS

**PAGE**

**TABLE OF CONTENTS** .......................................... i

**TABLE OF AUTHORITIES** ...................................... iv

**PRELIMINARY STATEMENT** ...................................... 1

**RELEVANT PROCEDURAL HISTORY** ............................... 2

**STATEMENT OF RELEVANT UNDISPUTED MATERIAL FACTS** .......... 5

**LEGAL ARGUMENT** ............................................ 5

**POINT I**

    THE LEGAL STANDARD ................................... 5

**POINT II**

    THERE IS NO DISPUTE THAT THE FEDERAL COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE CLAIMS ASSERTED THEREIN WERE PREVIOUSLY ADJUDICATED IN THE SUPERIOR COURT OF NEW JERSEY AND ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA* AND THE FULL FAITH AND CREDIT CLAUSE OF THE UNITED STATES CONSITUTION ............. 8

        A.  Plaintiff's Pleadings and Discovery Responses in the Case before this Court Confirm that He Will Rely on Claims, Allegations and Documents from Previously Adjudicated State Court Cases to Prove the Claims in the Federal Complaint .......................... 8

        B.  The Claims and Allegations Asserted by the Plaintiff in the Federal Complaint are the Same Allegations and Claims Pursued by Plaintiff in Previously Adjudicated Superior Court Matters ......... 12

        C.  The Full Faith and Credit Clause and the Doctrine of *Res Judicata* ................... 14

D.   Count I (Arbitrary and Capricious Conduct) in the Plaintiff's Federal Complaint is Barred by the Doctrine of *Res Judicata* ..... 17

E.   Plaintiff's Claims for Unlawful Eviction From the Bethune Center and any Claims Related to His Occupancy of the Bethune Center are Barred by the Doctrine of *Res Judicata* ............... 19

F.   Count III (Malicious Prosecution) in Plaintiff's Federal Complaint is Barred by the Doctrine of *Res Judicata* .... 20

G.   Counts II (Violation of 42 U.S.C. §1983) and IV (Law Against Discrimination) in the Federal Complaint are Barred by the Doctrine of *Res Judicata* .......... 21

**POINT III**

PLAINTIFF'S CLAIMS SHOULD BE DISMISSD WITH PREJUDICE BECAUSE THEY ARE BARRED BY THE ENTIRE CONTROVERSY DOCTRINE ............................................. 22

**POINT IV**

THERE IS NO DISPUTE THAT THE PLAINTIFF'S FEDERAL COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE UNDER THE ROOKER-FELDMAN DOCTRINE ........................ 24

**POINT V**

PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §1983 AND THE NEW JERSEY LAW AGAINST DISCRIMINATION WITH REGARD TO THE SUMMONSES ISSUED TO HIM ON MARCH 4, 2011 ARE BARRED BY THE STATUE OF LIMITATIONS ........................ 27

**POINT VI**

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE UNDISPUTED MATERIAL FACTS CONFIRM THAT PLAINTIFF CANNOT SATISFY THE REQUISITE ELEMENTS TO ESTABLISH THE CAUSES OF ACTION ASSERTED IN THE FEDERAL COMPLAINT ........................... 28

A.   The Alleged Conduct that Supports All Of Plaintiff's Claims .................... 28

ii

B.  Count I - Claim for Arbitrary and
    Capricious Action ........................ 32

C.  Count II – Violation of 42 U.S.C. §1983 .... 34

D.  Count III – Malicious Prosecution .......... 36

E.  Count IV – Law Against Discrimination ...... 38

**POINT VII**

THE CLAIMS AGAINST THE CITY COUNCIL AND
THE JERSEY CITY INTERNAL AFFAIRS UNIT
SHOULD BE DISMISSED WITH PREJUDICE
BECAUSE THESE DEFENDANTS CANNOT BE SUED ........... 39

**POINT VIII**

THE CLAIMS AGAINST DEFENDANTS GERARDI, COLLIER,
CRECCO, MULLAHEY, PEGUERO, HENNESSY, COMANDATORE,
SHEA AND HALLANAN SHOULD BE DISMISSED WITH PREJUDICE
BECAUSE THEY WERE SUED IN THEIR OFFICAL
CAPACITIES ........................................ 41

**POINT IX**

PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE
DISMISSED ......................................... 43

**CONCLUSION** ............................................. 43

## TABLE OF AUTHORITIES

**CASES**                                                                  **PAGE**

Adams v. City of Camden,
461 F. Supp. 2d 263(D.N.J. 2006) ............................ 39

Balthazar v. Atl. City Med. Ctr.,
279 F. Supp. 2d 574 (D.N.J. 2003) .......................... 25

Bernardsville Quarry v. Bernardsville,
929 F.2d 927 (3d Cir. 1991) ................................. 23

Bonenberger v. Plymouth Twp.,
132 F.3d 20 (3d Cir. 1997) ............................. 39, 40

Brown v. Twp. Of Berlin Police Dep't,
2010 U.S. Dist. LEXIS 111907(D.N.J. October 20, 2010) ........ 40

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ................. 6

Chapman v. New Jersey, 2009 U.S. Dist. LEXIS 75720
(D.N.J. August 25, 2009) .................................... 21

Chrystal v. N.J. Dep't of Law & Pub. Safety,
535 Fed. Appx. 120 (3d Cir. 2013) ....................... 23, 24

City of Newport v. Fact Concepts, Inc.,
453 U.S. 247 (1981) ........................................ 43

Didiano v. Balicki,
2011 U.S Dist. LEXIS 41785 (D.N.J. 2011) .................... 40

Dinardo v. City of Jersey City,
2012 U.S. Dist. LEXIS 71012 (D.N.J. May 21, 2012) ............ 25

Downey v. Coal. Against Rape and Abuse, Inc.,
143 F. Supp. 2d 423 (D.N.J. 2001) .......................... 35

Easterling v. City of Newark,
2016 U.S. Dist. LEXIS 157579
(D.N.J. November 10, 2016) ................................. 39

Egoavil v. City of Irvington,
2008 U.S. Dist. LEXIS 94581 (D.N.J. Nov. 19, 2008) ........... 41

**TABLE OF AUTHORITIES CONT'D**

<u>CASES</u>                                                                <u>PAGE</u>

<u>Emri v. Evesham Twp. Bd. of Educ.</u>,
327 F. Supp. 2d 463 (D.N.J. 2004) ....................... 36, 37

<u>Exel v. Govan</u>, 2013 U.S. Dist. LEXIS 85749
(D.N.J. June 18, 2013) ..................................... 24

<u>Friedland v. Fauver</u>, 6 F. Supp. 2d 292 (D.N.J. 1998) ........ 41

<u>Friedland v. Hayman</u>, 2008 U.S. Dist. LEXIS 102100
(D.N.J. December 8, 2008 ................................... 23

<u>Goldberg v. Egg Harbor Twp. Sch. Dist.</u>, 2011 U.S. Dist. LEXIS
131390 (D.N.J. November 14, 2011) ...................... 32, 33

<u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>,
615 F.3d 159 (3d Cir. 2013) .............................. 25, 26

<u>Green v. Green</u>, 899 F. Supp. 2d 291 (D.N.J. 2012) ........... 37

<u>Gregory v. Chehi</u>, 843 F.2d 111 3d Cir. 1988) ................. 43

<u>Hafer v. Melo,</u> 502 U.S 21 (1991) ............................. 41

<u>Hauptmann v. Wilentz</u>, 570 F. Supp. 351 (D.N.J. 1983) ......... 28

<u>Hohsfield v. Twp. Of Manchester</u>,
2010 U.S. Dist. LEXIS 96230 (D.N.J. Sept. 14, 2010) .......... 40

<u>In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.</u>,
134 F.3d 133 (3d Cir. 1998) .............................. 24, 25

<u>Interfaith Cmty. Org., Inc. v. PPG Indus.</u>,
702 F. Supp. 2d 295 (D.N.J. 2010) ........................... 15

<u>Kirschling v. Atlantic City Bd. of Educ.</u>,
10 F. Supp. 3d 587(D.N.J. 2014 ................................ 5

<u>Kost v. Kozakiewicz</u>, 1 F.3d 176 (3rd Cir. 1993) ........... 34, 35

**TABLE OF AUTHORITIES CONT'D**

<u>CASES</u>                                                              <u>PAGE</u>

<u>Ky v. Graham</u>, 473 U.S. 159 (1986) ............................ 42

<u>Lutzky v. Deutsche Bank Nat'l Trust Co.</u>,
2009 U.S. Dist. LEXIS 100062 (D.N.J. 2009) ................... 27

<u>Martin v. Monroe Twp.</u>, 2011 U.S. Dist. LEXIS 6996
(D.N.J. January 25, 2011) .................................... 41

<u>Melikian v. Corradetti</u>, 791 F.2d 274 (3d Cir. 1986) .......... 23

<u>Merrese v. American Academy of Orthopedic Surgeons</u>,
470 U.S. 373 (1985) .......................................... 15

<u>Moncalvo v. City of Plainfield</u>, 2017 U.S. Dist. LEXIS 21971
(D.N.J. 2017) ............................................... 40

<u>Monell v. Dept. of Soc. Servs. of N.Y.</u>,
436 U.S. 658 (1978) ...................................... 35, 42

<u>Murray v. Crystex Composites LLC</u>,
378 Fed. Appx. 159 (3d Cir. 2010) ........................... 23

<u>Nolan v. First Colony Life Ins. Co.</u>,
345 N.J. Super. 142 (App. Div. 2001) ........................ 16

<u>Okpor v. Rutgers</u>,
2005 U.S. Dist. LEXIS 18422 (D.N.J. April 23, 2005) .......... 22

<u>Padilla v. Township of Cherry Hill</u>,
110 F. App'x 272 (3d Cir. 2004 ............................... 39

<u>Parkview Assocs. P'ship v. City of Lebanon</u>,
225 F.3d 321 (3d Cir. 2000) .............................. 24, 25

<u>Parsons Steel, Inc. v. First Alabama Bank</u>,
474 U.S. 518 (1986) .......................................... 15

<u>Pettit v. New Jersey</u>, 2011 U.S. Dist. LEXIS 35452
(D.N.J. 2011) ................................................ 35

<u>Robertson v. Bartels</u>, 148 F. Supp. 2d 443 (D.N.J. 2001) ....... 16

**TABLE OF AUTHORITIES CONT'D**

<u>CASES</u>                                                                <u>PAGE</u>

<u>Rycoline Prods. v. C & W Unlimited</u>,
109 F.3d 883 (3d Cir. 1997) ................................... 22

<u>Ryerson v. New Jersey</u>, 2007 U.S. Dist. LEXIS 16335
(D.N.J. March 6, 2007) ....................................... 41

<u>Szemple v. Corr. Med. Servs.</u>,
493 Fed. Appx. 238 (3d Cir. 2012) ........................... 35

<u>Total Packaging Corp. v. Tenneco Packaging Corp.</u>, 2004 U.S.
Dist. LEXIS 6199 (D.N.J. April 2, 2004) ..................... 23

<u>Turner v. Sec'y of the United States HUD</u>,
449 F.3d 536 (3d Cir. 2006) ................................. 25

<u>Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart,
P.C.</u>, 11 F.3d 385(3d Cir. 1993) ......................... 36, 37

<u>Walker v. Choudhary</u>, 425 N.J. Super. 135 (App. Div. 2012 ..... 16

<u>Ward v. Ridgewood</u>, 531 F. Supp. 470 (D.N.J. 1982) ........ 14, 15

<u>Watkins v. Resorts International Hotel & Casino</u>,
124 N.J. 398 (1991) ......................................... 16

<u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989) ....... 41

**TABLE OF AUTHORITIES CONT'D**

**PAGE**

**FEDERAL RULES**

Fed. R. Civ. P. 56 .......................................... 6

**FEDERAL STATUTES**

28 U.S.C. §1738 ........................................... 14

42 U.S.C. §1983 .......... 21, 22, 26, 27, 26, 28, 34, 35, 40, 41

**RULES GOVERNING THE COURTS OF THE STATE OF NEW JERSEY**

R. 4:30A. ................................................ 22

Pressler & Verniero, Current N.J Court Rules,
Comment 33.1 on R. 4:5-4 at 1539 (2018) ................... 15, 16

**NEW JERSEY STATUTES**

N.J.S.A. 10:5-4 ........................................ 21, 38

N.J.S.A. 2A:14-2 .......................................... 27

N.J.S.A. 40A:14-118 ....................................... 41

N.J.S.A. 59:9-2 ........................................... 43

## PRELIMINARY STATEMENT

Defendants City of Jersey City (the "City"), Jersey City Council, Officers N. Gerardi, S. Collier, Sergeant James Crecco, Officers Sean Mullahey, Ramon Peguero, Officer Hennessy, Officer Comandatore, Jersey City Internal Affairs Unit, Police Director James Shea, Director Alvin Pettit and John Hallanan (collectively "Defendants") hereby submit this brief in support of their motion for summary judgment to dismiss plaintiff Philip Carrington's ("plaintiff") complaint [Dkt. No. 1] (the "Federal Complaint") with prejudice.

In this matter, the reasonable trier of fact can only conclude that the plaintiff's claims alleged in the Federal Complaint are the same claims that arise out of the same set of facts which form the subject of at least three New Jersey Superior Court matters that were previously adjudicated before the Federal Complaint was filed. Consequently, the claims in the Federal Complaint are barred by the Full Faith and Credit Clause, the doctrine of *res judicata*, the Entire Controversy Doctrine and the Rooker-Feldman Doctrine.

Moreover, just like the previously adjudicated Superior Court matters discussed herein, the same undisputed facts in the record before this Court confirm that the plaintiff cannot satisfy the requisite elements for each cause of action asserted in the Federal Complaint. Further, the claims against the

1

Internal Affairs Unit and the City Council should be dismissed with prejudice because they cannot be sued separately from the City. The claims against the individual defendants named in this matter should also be dismissed with prejudice because they cannot be sued since they were sued in their respective official capacities. Finally, plaintiff is not entitled to punitive damages. Thus, there is no dispute that the Defendants' motion for summary judgment should be granted and the Federal Complaint should be dismissed with prejudice.

<u>**RELEVANT PROCEDURAL HISTORY**</u>

1. On September 23, 2015, plaintiff filed the Federal Complaint against the Defendants. [Dkt. No. 1].

2. Plaintiff filed an amended complaint on January 28, 2016 without leave of court [Dkt. No. 8].

3. On March 10, 2016, Defendants filed their first motion to dismiss pursuant to Rules 12(b)(1) and (6) [Dkt. No. 12].

4. On August 30, 2016, plaintiff moved for entry of default against the Jersey City Internal Affairs Unit, which was denied on September 19, 2016. [Dkt. Nos. 34, 40].

5. By order dated September 14, 2016, this Court struck the plaintiff's amended complaint and terminated Defendants' first motion to dismiss deeming it moot. [Dkt. No. 39].

6. On September 26, 2016, plaintiff filed a motion for leave to file an amended complaint [Dkt. No. 42]. On September 28,

2016, Defendants filed a second motion to dismiss pursuant to Rules 12(b)(1), (6). [Dkt. No. 43].

7. On November 17, 2016, plaintiff's motion to amend was terminated as moot. [Dkt. No. 54]. Further, the Court permitted plaintiff to prepare and serve another proposed amended complaint by December 7, 2016 to Defendants for their review. Certification of Philip Adelman ("Adelman Cert.") at ¶4.

8.  On December 9, 2016, plaintiff filed another motion to amend the Federal Complaint without permission from the Court or conferring with Defendants.[Dkt. No. 57]. The motion was terminated on December 23, 2016 and plaintiff was told to serve another amended complaint to Defendants to review.[Dkt. No. 65].

9.  On December 12, 2016, Defendants confirmed they would not consent to plaintiff filing his amended complaint dated December 7, 2016 and opposed the motion to amend.  [Dkt. No. 58]

10.  Plaintiff served Defendants with another proposed amended complaint on January 11, 2017. On January 24, 2017, Defendants confirmed they would not consent to plaintiff filing the January 11 amended complaint. [Dkt. No. 69, attachment 1].

11.  On January 27, 2017, plaintiff served another proposed amended complaint and Defendants declined to consent to plaintiff filing this pleading. [Dkt. No. 69, attachment no. 3].

12.  On February 6, 2017, plaintiff served another proposed amended complaint to the Defendants, which they rejected on February 7, 2017. [Dkt. No. 69, attachment no. 2].

13.  On February 7, 2017, plaintiff filed a proposed amended complaint with the Court, which was opposed by Defendants on the same date. [Dkt. No. 70, No. 69, attachment nos. 1, 2, 3].

14.  By order dated March 27, 2017, this Court "terminate[d] Defendants' motion to dismiss and grant[ed] leave to re-file, if necessary, upon adjudication of Plaintiff's request to amend his complaint." [Dkt. No. 72].

15.  On May 25, 2017, "Plaintiff's … motion for leave to file the … second amended complaint [was] denied." [Dkt. No. 77].

16.  As confirmed above, all of plaintiff's requests to amend the Federal Complaint were denied. Thus, the complaint filed on September 23, 2015 (i.e. the Federal Complaint) [Dkt No. 1] is the operative complaint at issue before this Court.

17.  On June 8, 2017, Defendants moved to dismiss pursuant to Rule 12(b)(1) and (6). [Dkt No. 79].

18.  Discovery closed on August 31, 2017.

19.  By letter dated September 25, 2017 [Dkt No. 90], Defendants agreed to file an answer to the Federal Complaint and withdrew their motion to dismiss [Dkt. No. 79] for the reasons stated in the letter. The letter confirmed that the parties could file motions for summary judgment by November 3, 2017.

4

20.  On October 16, 2017, the Defendants filed an answer to the Federal Complaint. [Dkt No. 92].

21.  On October 19, 2017, the Court granted Defendants' request to extend the deadline by when to file summary judgment motions to November 17, 2017. [Dkt. No. 94] and thereafter granted another request to further extend the deadline to file summary judgment motions to November 21, 2017. [Dkt. No. 95].

## STATEMENT OF RELEVANT UNDISPUTED MATERIAL FACTS

The Defendants hereby incorporate by reference as if set forth at length herein their Statement of Relevant Undisputed Material Facts ("SOF") as well as the Adelman Cert. and the exhibits attached thereto which are all submitted herewith.

## LEGAL ARGUMENT

## POINT I

## THE LEGAL STANDARD

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Thus, summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Kirschling v. Atlantic City Bd. of Educ., 10 F. Supp. 3d 587, 592 (D.N.J. 2014). Indeed, the moving party is

"entitled to a judgment as a matter of law [if] the nonmoving party failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Here, there is no dispute that plaintiff's claims in the Federal Complaint should be dismissed with prejudice. More specifically and as confirmed herein, the plaintiff's claims in the Federal Complaint are barred by the Full Faith and Credit Clause, the doctrine of *res judicata*, the Entire Controversy doctrine and the Rooker-Feldman Doctrine because plaintiff's claims that are before this Court were previously adjudicated in or should have been raised by the plaintiff in the New Jersey Superior Court matters bearing docket nos. HUD-L-1310-15, HUD-L-3611-15 and HUD-LT-11861-15.

Indeed, a comparison of the Federal Complaint to the pleadings in the Superior Court matters with docket nos. HUD-L-1310-15, HUD-L-3611-15 confirms that the claims before this Court are virtually identical to the claims which were adjudicated or should have been raised in these two Superior Court cases. The below chart identifies the paragraphs in the Federal Complaint and the Superior Court cases with docket nos. HUD-L-3611-15 and HUD-L-1310-15 that contain the same allegations. Plaintiff's claims for unlawful eviction are not in the below chart, but are addressed later on in this brief.

6

| Issue/Allegation | Federal Complaint | Superior Court Docket No. HUD-L-3611-15 | Superior Court Docket No. HUD-L-1310-15 |
|---|---|---|---|
| City failed to monitor, train, supervise police, health inspectors and others | Par. 12 | Par. 12 | Page 3, 5 |
| Unlawfully issue summonses to plaintiff for events that occurred on March 4, 2011 | Par. 16, 17, 19, 20, 21, 47, 59, 64 | Par. 55 | Page 3 |
| Unlawfully issue summonses to plaintiff for events that occurred on September 10, 2014 | Par. 10, 22, 25, 28, 47, 48, 49, 50, 60, 61, 62, 65 | Par. 14, 15, 24, 25, 49, 50, 52, 53, 54, 56 | Page 4, 5 |
| Issues/allegations as to plaintiff's complaint to Internal Affairs as to conduct of police officers | Par. 11, 24, 29 | Par. 27, 33 | n/a |
| Plaintiff's appearances in municipal court | Par. 25, 27, 28, 30, 64 | Par. 28, 29, 31, 34 | Page 5 |
| Plaintiff's grievances against the City Council | Par. 12, 31, 32 | Par. 35, 36, 37 | Page 5, 6, 7 |
| Plaintiff's complaint to the Hudson County Prosecutor's Office | Par. 34 | Par. 39 | n/a |

Further, the undisputed facts show that plaintiff cannot satisfy the requisite elements to establish the claims alleged in the Federal Complaint. In addition, the claims against the Internal Affairs Unit and the City Council should be dismissed with prejudice because they cannot be sued separately from the City. The claims against the individual defendants in this case should also be dismissed with prejudice because they cannot be sued since they were sued in their respective official

capacities. Finally, there is no dispute that plaintiff is not entitled to punitive damages. As such, the Federal Complaint should be dismissed with prejudice.

**POINT II**

**THERE IS NO DISPUTE THAT THE FEDERAL COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE CLAIMS ASSERTED THEREIN WERE PREVIOUSLY ADJUDICATED IN THE SUPERIOR COURT OF NEW JERSEY AND ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA* AND THE FULL FAITH AND CREDIT CLAUSE OF THE UNITED STATES CONSTITUTION**

**A. Plaintiff's Pleadings and Discovery Responses in the Case Before this Court Confirm that He Will Rely on Claims, Allegations and Documents from Previously Adjudicated State Court Cases to Prove the Claims in the Federal Complaint**

The claims and allegations raised in the Federal Complaint have been fully adjudicated in the New Jersey Superior Court and are barred by the Full Faith and Credit Clause and the doctrine of *res judicata*. Moreover, the Federal Complaint expressly states that "[p]laintiff now brings this action before this court after unsuccessfully exhausting all local municipal remedy (sic) and the defendant continue to harassing (sic) plaintiff while legal actions are file (sic) against them in superior court." Adelman Cert., Exh. J, Federal Complaint at ¶15. Clearly, plaintiff expressly admitted that his claims have been previously adjudicated and that he now seeks relief from this Federal Court for the same claims. Thus, plaintiff's claims in the Federal Complaint are barred and this matter should be dismissed with prejudice.

The claims and underlying facts alleged in the Federal Complaint and in plaintiff's deposition testimony essentially accuse the Defendants of engaging in unlawful acts against the plaintiff because of his race and nationality. Specifically, plaintiff contends that the police officers named in this matter issued summonses to plaintiff on September 10, 2014 ("September Summonses") and on March 4, 2011 ("March Summonses") (collectively the "Summonses") solely because of his race and nationality. There is no dispute that virtually identical allegations involving the issuance of the Summonses were previously adjudicated in the Superior Court under docket nos. HUD-L-1310-15, HUD-L-3611-15. Adelman Cert., Exh. B, D, E, G.

Plaintiff previously occupied space and operated his business, the Remarkable Mossi Youth Council ("Remarkable Mossi"), out of the Bethune Center located at 134-150 Martin Luther King Jr. Drive in Jersey City (the "Bethune Center"), which is owned by the City. After the City brought an action to evict plaintiff from the Bethune Center for failure to pay rent under docket no. HUD-LT-11861, on November 2, 2015, plaintiff, who was represented by counsel (Neil Brunson), voluntarily entered into a consent order to enter judgment of possession in favor of the City and agreed to vacate the Bethune Center by December 31, 2015. Adelman Cert., Ex. I. Even though plaintiff voluntarily agreed to vacate the Bethune Center, he now alleges

9

in the Federal Complaint that he was unlawfully evicted from the Bethune Center because of his race and nationality. Id., Exh. J, Federal Complaint; Exh. K, Plaintiff's Deposition Transcript ("Pl. Tr.") at p. 222, l. 22-25, p. 223, l. 1-20, p. 225, l. 13-17. The claims for unlawful eviction constitute affirmative defenses and/or counterclaims that should have previously been brought and/or plaintiff should have appealed the entry of the consent order.

The Federal Complaint, plaintiff's written discovery responses and his deposition testimony in this case all confirm that the New Jersey Superior Court Cases bearing the following docket numbers were previously adjudicated and that the facts, claims and allegations asserted in the following Superior Court matters are the same facts, claims and allegations that form the subject of and are otherwise re-asserted in the Federal Complaint: HUD-L-3611-15, HUD-L-1310-15, HUD-LT-11861 and A-2961-99T1(Carrington v. Lambiase and City of Jersey City; HUD-DC-008625-99). Adelman Cert., Exh. M, Plaintiff's Answers to Interrogatories ("Pl. ATI") at nos. 1, 2, 4, 6, 7, 8, 9, 23; Exh. J, Federal Complaint; Exh. K, Pl. Tr. at p. 182, l. 20-25, p. 183, l. 1-25, p. 184, l. 1-14; Exh. N. Plaintiff's responses to Defendants' demand for document ("Pl. Doc. Response") at nos. 5, 6, 8, 13, 14, 18.

Plaintiff admitted that the facts and claims alleged in the Superior Court case that he previously filed and which was adjudicated under docket no. HUD-L-3611-15 are also alleged in the Federal Complaint. Adelman Cert., Exh. K, Pl. Tr. at p. 182, l. 20-25, p. 183, l. 1-25, p. 184, l. 1-13. Plaintiff confirmed that the claims in the Federal Complaint and the state matter bearing docket no. HUD-3611-15 both arise in part out of the issuance of September Summonses and March Summonses. Id. Pl. ATI states "facts supporting Plaintiff (sic) allegation (sic) are in … [cases bearing docket nos.] HUD-L-3611-15 [and] A-2961-99T1." Id., Exh. M at no. 1.

Pl. ATI confirm that the facts and allegations asserted in and that otherwise form the basis of the following adjudicated matters will be relied upon by plaintiff to support the claims in the Federal Complaint: docket nos. HUD-3611-15 and A-2961-99T1. Adelman Cert., Exh. M, Pl. ATI at nos. 1, 2, 4, 7, 8, 9; Exh. N, Pl. Doc. Response at nos. 5, 18, 13, 14, 18, Exh Q.

Of equal importance, individuals who possess knowledge about the facts and circumstances that form the basis of the Federal Complaint are identified in the briefs filed in the following adjudicated matters previously filed by plaintiff in the Superior Court: docket nos. HUD-3611-15 and A-2961-99T1. Adelman Cert., Exh. N, Pl. Doc. Response at no. 23. Information about, (a) plaintiff's damages, (b) statements and

11

communications as to allegations in the Federal Complaint, (c) information which allegedly supports plaintiff's claims and, (d) information as to Defendants' unlawful conduct alleged in the Federal Complaint are contained in documents that were produced, exchanged and generated in the following Superior Court cases that were previously adjudicated: HUD-L-3611-15, HUD-L-1310-15 and HUD-LT-11861. Id., Exh. N, at nos. 5, 6, 8, 13, 14, 18.

**B. The Claims and Allegations Asserted by the Plaintiff in the Federal Complaint are the Same Allegations and Claims Pursued by Plaintiff in Previously Adjudicated Superior Court Matters**

On March 25, 2015, plaintiffs Philip Carrington and the Remarkable Mossi filed a complaint in the New Jersey Superior Court under docket no. HUD-L-1310-15 asserting numerous allegations including: plaintiffs were issued the September Summonses for ordinance violations concerning plaintiffs' operation of a food truck, plaintiffs were issued the March Summonses for ordinance violations in connection with a party hosted by plaintiffs, the issuance of the Summonses were unfair, deprived them of constitutional rights and amounts to malicious prosecution and arbitrary and capricious behavior. Adelman Cert., Exh. B at p. 2-5, 7 at ¶2. This matter was adjudicated and dismissed on June 12, 2015. Adelman Cert., Ex. D.

On or about August 28, 2015, plaintiffs Philip Carrington and the Remarkable Mossi filed another complaint (docket no. HUD-L-3611-15) in the Superior Court asserting numerous

12

allegations including: malicious prosecution, unlawful issuance of the September Summonses for ordinance violations concerning plaintiff's operation of a food truck, unlawful harassment and disruption of plaintiffs' business, violations of due process and the Law Against Discrimination, unlawful issuance of the March Summonses for ordinance violations relating to a party hosted by plaintiff and arbitrary and capricious conduct. Adelman Cert., Exh. E at ¶¶9, 24-25, 49, 52-56, 61-68, Counts I to III. This matter was dismissed on October 23, 2015 with prejudice. Id., Exh. G.

Like the state court matters bearing docket nos. HUD-L-1310-15 and HUD-L-3611-15 described above, the Federal Complaint alleges claims for arbitrary and capricious conduct, malicious prosecution, and violations of the Law Against Discrimination and 42 U.S.C. 1983. Adelman Cert. Exh. J. As demonstrated herein as well as in the Federal Complaint and plaintiff's deposition transcript, the allegations asserted by plaintiff to support the claims in the Federal Complaint are the same allegations and claims that he asserted and formed the subject of the foregoing state court matters that were adjudicated and dismissed. Id., Exh. J at Counts I-IV, ¶¶22, 47-50, 59-65, 67, 55-61 (Count IV).

On or about September 1, 2015, the City filed a Verified Complaint in the Hudson County Superior Court to evict the Remarkable Mossi from the Bethune Center for failure to pay rent

13

and sought a judgment for possession of the property occupied by the Remarkable Mossi in the Bethune Center. Adelman Cert., Ex. H, Verified Complaint docket no. HUD-LT-11861. On November 2, 2015, the Remarkable Mossi (represented by counsel, Neal E. Brunson) and the City voluntarily entered into a consent order to enter judgment of possession in favor of the City. Id., Ex. I, Consent Order (docket no. HUD-LT-11861-15). The Remarkable Mossi also voluntarily agreed to move out of the Bethune Center by December 31, 2015. Id. Even though there is no dispute that plaintiff voluntarily vacated the Bethune Center, the Federal Complaint includes allegations for unlawful eviction due plaintiff's race and nationality. Such claims should have been raised as defenses in the eviction action (HUD-LT-11861-15) and/or plaintiff should have transferred the eviction action to the Law Division and asserted counterclaims and/or plaintiff should have appealed the entry of the consent order. None of these options were exercised by the plaintiff.

### C. <u>The Full Faith and Credit Clause and the Doctrine of Res Judicata</u>

The Full Faith and Credit Clause of the United States Constitution (codified at 28 U.S.C. §1738) requires that the judicial proceedings of any court of any state shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of that state. <u>Ward v. Ridgewood</u>, 531 F. Supp. 470, 474 (D.N.J. 1982).

Moreover, federal courts must look to the laws or usage of the state to ascertain the preclusive effect of the earlier judgment. Id. In other words, the preclusive effect of a state court judgment in federal court is governed by the law of the rendering state. Federal courts utilize the Full Faith and Credit Act to "apply the principles of res judicata (claim preclusion) and collateral estoppel (issue preclusion) to matters that have been previously decided in state courts." Interfaith Cmty. Org., Inc. v. PPG Indus., 702 F. Supp. 2d 295, 303 (D.N.J. 2010)(emphasis added).

In Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518 (1986), the Supreme Court held that a federal court must give a judgment issued by a state court the same preclusive effect that it would be accorded in the courts of the relevant state pursuant to the Full Faith and Credit Clause. Id. at 523. When a federal court has to review a prior state court judgment to determine whether preclusion applies, the governing law in such cases is the state law of preclusion. See, 28 U.S.C. §1738; Merrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985).

Here, there is no dispute that the plaintiff's claims are barred by the doctrine of *res judicata* (through the application of the Full Faith and Credit Clause). *Res Judicata* "bars cause or claim relitigation." Pressler & Verniero, Current N.J. Court

15

Rules, Comment 33.1 on R. 4:5-4 at 1539 (2018). *Res judicata*
bars the relitigation of claims that have already been
adjudicated. Walker v. Choudhary, 425 N.J. Super. 135, 150 (App.
Div. 2012). In order for *res judicata* to apply, (1) "there must
be a valid, final judgment on the merits in the prior action,
(2) the parties in the second action must be identical to, or in
privity with those in the first action, and (3) the claim in the
later action must arise out of the same transaction or
occurrence as the claim in the first action." Nolan v. First
Colony Life Ins. Co., 345 N.J. Super. 142, 153 (App. Div. 2001).

Not only does *res judicata* preclude the prosecution of
claims determined in a prior action, but it also prohibits "all
relevant matters that could have been so determined." Watkins v.
Resorts International Hotel & Casino, 124 N.J. 398, 412 (1991).
Indeed, courts may grant motions for summary judgment where the
claims asserted are barred by *res judicata.* Robertson v.
Bartels, 148 F. Supp. 2d 443, 453 (D.N.J. 2001).

Here, there is no dispute that *res judicata* applies to the
instant matter and bars all of plaintiff's claims in the Federal
Complaint because the claims have been raised, adjudicated or
should have been raised in the Superior Court of New Jersey in
the cases bearing docket nos. HUD-L-1310-15, HUD-L-3611-15 and
HUD-LT-11861-15. Adelman Cert., Ex. B, E, H, I.  The complaint
bearing docket no. HUD-L-1310-15 does not contain specific

16

counts or paragraphs that identify the particular causes of action, but it is clear that the facts alleged in that case are also alleged in the Federal Complaint. Also, the complaint bearing docket no. HUD-L-3611-15 and the Federal Complaint both include the following causes of action based on virtually the same facts: arbitrary and capricious conduct, malicious prosecution and Law Against Discrimination.

**D. Count I (Arbitrary and Capricious Conduct) in the Plaintiff's Federal Complaint is Barred by the Doctrine of *Res Judicata.***

Count I of the Federal Complaint alleges arbitrary and capricious conduct and should be dismissed with prejudice because this claim was previously adjudicated and is barred by *res judicata*. Specifically, in the Federal Complaint, plaintiff alleges that September Summonses and the March Summonses were arbitrarily and capriciously issued to him. Adelman Cert., Exh. J, Federal Complaint at Count I, ¶¶22, 46-50, 60; Exh. K, Pl. Tr. at p. 216, l. 25, p. 217, l. 1-8, l. 17-24.

Like the Federal Complaint, in the state court matter bearing docket no. HUD-L-3611-15, Philip Carrington and the Remarkable Mossi also allege in Count I that the September Summonses were arbitrarily and capriciously issued to him. Adelman Cert., Ex. E at ¶¶24-25, 49, 53; Exh. O. On October 23, 2015, this state court matter was dismissed. Id., Ex. G.

Similar to the Federal Complaint, plaintiff's Superior Court complaint bearing docket no. HUD-L-1310-15 alleges he was

17

unlawfully issued the September Summonses for failure to possess proper food licenses to operate a food truck which violated local ordinances. Adelman Cert., Exh. B at p. 3-4. He further alleged the March Summonses were unlawfully issued to him for violating local ordinances regarding a party he hosted. Id. The state court matter bearing docket no. HUD-L-1310 was dismissed on June 12, 2015. Adelman Cert., Ex. D.

There is no dispute that the claims in Count I of the Federal Complaint have been adjudicated and are barred by the doctrine of *res judicata*. The claims in Count I (arbitrary and capricious conduct) of the Federal Complaint arise out of the same transactions and occurrences (i.e. the September Summonses and the March Summonses) that form the subjects of the matters previously brought by plaintiff under docket numbers HUD-L-1310-15 and HUD-L-3611-15. Both state court matters were adjudicated and dismissed on the merits and the parties in these state matters are undoubtedly identical to or are in privity with the Defendants in the Federal Complaint. Sergeant Crecco, Officer Mullahey, the City and Jersey City Council are defendants in the Federal Complaint as well as the adjudicated Superior Court matters bearing docket numbers HUD-L-1310-15 and HUD-L-3611-15. Thus, *res judicata* bars the claim for arbitrary and capricious conduct in the Federal Complaint and should be dismissed with prejudice.

18

**E. Plaintiff's Claims for Unlawful Eviction from the Bethune Center and any Claims Related to His Occupancy of the Bethune Center are Barred by *Res Judicata*.**

Plaintiff's claims for unlawful eviction[1] from the Bethune Center and any related claims are barred by *res judicata.* On September 1, 2015, the City filed a Verified Complaint under docket no. HUD-LT-11861 to evict the Remarkable Mossi from the Bethune Center for failure to pay rent. Adelman Cert., Ex. H.

On November 2, 2015, plaintiff, who was represented by counsel (Neil Brunson), voluntarily entered into a consent order to enter judgment of possession in favor of the City and agreed that the Remarkable Mossi would vacate the Bethune Center by December 31, 2015. Adelman Cert., Ex. I. Any claims for unlawful conduct by the Defendants regarding the removal of the Remarkable Mossi from the Bethune Center are (a) affirmative defenses that should have been raised to defend against the eviction and/or, (b) amount to counterclaims that should have been brought in the Superior Court (Law Division) by transferring the eviction case to the Law Division and/or, (c) plaintiff should have appealed the entry of the consent order. Clearly, plaintiff failed to exercise all of these options.

Indeed, all claims in the Federal Complaint regarding the alleged unlawful eviction arise out of the same transaction (i.e. plaintiff's occupancy of the Bethune Center) and involve

---

[1] Adelman Cert., Exh. J, Federal Complaint at ¶46 (Count I), ¶52 (Count II), ¶¶59, 61 (Count III), ¶¶67, 57, 59, 61 (Count IV).

the same parties that were involved in the state matter bearing docket no. HUD-LT-11861-15. Accordingly, such claims are barred by *res judicata* because they were adjudicated and/or should have been raised when the matter (HUD-LT-11861-15) was pending.

**F.   Count III (Malicious Prosecution) in Plaintiff's Federal Complaint is Barred by the Doctrine of *Res Judicata*.**

Count II of the state court matter bearing docket no. HUD-L-3611-15 includes a claim for malicious prosecution based on the issuance of the Summonses. Adelman Cert., Exh. E at ¶¶52-56. Likewise, the complaint bearing docket no. HUD-L-1310-15 also contains similar allegations for malicious prosecution. Id. at Exh. B at p. 2, 7 at ¶2.

Similarly, Count III of plaintiff's Federal Complaint alleges that the Defendants engaged in malicious prosecution by issuing the Summonses to plaintiff just like in plaintiff's state court complaint with docket nos. HUD-L-3611-15 HUD-L-1310-15. Adelman Cert., Exh. J, Count III at ¶¶59-65. There is no dispute that Count III of the Federal Complaint is based on the same matters (i.e. the Summonses) that form the subject of the state court cases bearing docket numbers HUD-L-1310-15 and HUD-L-3611-15. Furthermore, both of the aforementioned state court matters were adjudicated and dismissed and include parties identical to or in privity of the Defendants in the Federal Complaint such as the City, the City Council and officers Crecco and Mullahey.  Adelman Cert., Ex. B, C, D, E, F, G. Thus, the

claim for malicious prosecution is barred by *res judicata* and should be dismissed with prejudice because it was previously litigated.

**G.** **Counts II (Violation of 42 U.S.C. §1983) and IV (Law Against Discrimination) in the Federal Complaint are Barred by the Doctrine of *Res Judicata*.**

In Counts II and IV of the Federal Complaint, plaintiff alleges claims under 42 U.S.C. §1983 and the New Jersey Law Against Discrimination (N.J.S.A. 10:5-4) ("NJLAD"). Courts have construed the NJLAD in terms nearly identical to Section 1983. Chapman v. New Jersey, 2009 U.S. Dist. LEXIS 75720 *7 (D.N.J. August 25, 2009). Indeed, the elements to establish a claim under these two statutes are essentially identical. Pettit v. New Jersey, 2011 U.S. Dist. LEXIS 35452 **11-12 (D.N.J. 2011).

In the state matter with docket no. HUD-L-3611-15, plaintiff asserted a claim under the NJLAD. Adelman Cert., Ex. E, Count III at ¶¶61-68. The allegations in Counts II and IV of the Federal Complaint are virtually identical to the allegations in Count III of the state matter bearing docket no. HUD-L-3611-15. Id. Ex. E, Exh. J at ¶¶67, 55-61. In particular, Count III of the Superior Court complaint with docket no. HUD-L-3611-15 and Count IV of the Federal Complaint contain the same allegations including plaintiff's claims that officers Gerardi, Collier, Crecco, Mullahey, Hennessy, Peguero, Comandatore, attorney Hallanan and Mr. Pettit all committed acts of racial

21

discrimination against the plaintiff and that these defendants failed to prove that white men who possessed licenses to operate a business were treated the way plaintiff was treated. Id., Exh. E, J. The matter bearing docket no. HUD-L-3611-15 was dismissed on October 23, 2015. Adelman Cert., Ex. G.

The claims for violations of 42 U.S.C. §1983 and the NJLAD in the Federal Complaint are based on the same facts asserted to support the NJLAD claim in the matter bearing docket no. HUD-L-3611-15. Accordingly, the claims for violations of the NJLAD and 42 U.S.C. §1983 in the Federal Complaint should be dismissed with prejudice because they are barred by *res judicata*.

## POINT III

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY ARE BARRED BY THE ENTIRE CONTROVERSY DOCTRINE**

Plaintiff's claims are barred by the entire controversy doctrine for similar reasons that they are barred by the doctrine of *res judicata*. Federal courts are bound by this doctrine under the Full Faith and Credit Clause. Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997). Indeed, a federal court in New Jersey must apply the entire controversy doctrine when determining the preclusive effect of a previous judgment issued by a New Jersey state court. Okpor v. Rutgers, 2005 U.S. Dist. LEXIS 18422 *21 (D.N.J. April 23, 2005)

The entire controversy doctrine (R. 4:30A) holds that all parties to a litigation must present all claims relating to the

underlying controversy otherwise such claims may be barred in a subsequent action. Melikian v. Corradetti, 791 F.2d 274, 279 (3d Cir. 1986). Thus, a plaintiff is barred from litigating claims in a subsequent proceeding that were previously litigated and claims that it could have litigated in an earlier proceeding. Total Packaging Corp. v. Tenneco Packaging Corp., 2004 U.S. Dist. LEXIS 6199 *11 (D.N.J. April 2, 2004) citing Bernardsville Quarry v. Bernardsville, 929 F.2d 927, 930 (3d Cir. 1991). It is appropriate to grant summary judgment when a claim is barred by the entire controversy doctrine. Murray v. Crystex Composites LLC, 378 Fed. Appx. 159, 163-164 (3d Cir. 2010); Friedland v. Hayman, 2008 U.S. Dist. LEXIS 102100 *7 (D.N.J. December 8, 2008); Chrystal v. N.J. Dep't of Law & Pub. Safety, 535 Fed. Appx. 120, 122-123 (3d Cir. 2013)(Third Circuit relied on Full Faith and Credit Clause to affirm the district court's decision to grant summary judgment because plaintiff's claims were barred by the entire controversy doctrine).

As confirmed in detail above, plaintiff's claims in the Federal Complaint were previously adjudicated or should have been raised in the Superior Court matters with docket numbers HUD-L-1310-15, HUD-L-3611-15 and HUD-LT-11861-15. There is no dispute that the allegations and events involved in the aforementioned state court cases are the same allegations and events asserted in and upon which plaintiff will rely to support

23

the Federal Complaint. The allegations in the Federal Complaint also involve the same parties to the above state court cases. Adelman Cert., Exh. K, Pl. Tr. at p. 182, l. 20-25, p. 183, l. 1-25, p. 184, l. 1-13; Exh. M, Pl. ATI at nos. 1, 2, 4, 6, 7, 8, 9, 23; Exh. N, Pl. Doc. Response at nos. 5, 6, 8, 13, 14, 18.

Further, claims in the Federal Complaint not specifically alleged in the above listed state court cases are also barred because such claims should have been raised at the time the state court matters were pending since they arise out of the same set of facts and events and concern the same parties involved in the state court matters. Accordingly, the Federal Complaint should be dismissed with prejudice because the claims are barred by the entire controversy doctrine.

<u>**POINT IV**</u>

**THERE IS NO DISPUTE THAT PLAINTIFF'S FEDERAL COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE UNDER THE ROOKER-FELDMAN DOCTRINE**

The Rooker-Feldman doctrine generally states that "lower federal courts are without power to review state court decisions." <u>Chrystal</u> at 122 n. 2 citing <u>Parkview Assocs. P'ship v. City of Lebanon</u>, 225 F.3d 321, 324-325 (3d Cir. 2000). Lower federal courts are barred from "exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." <u>Exel v. Govan</u>, 2013 U.S. Dist. LEXIS 85749 **15-16 (D.N.J. June 18, 2013). The doctrine has been interpreted to "encompass final decisions of lower state

courts." In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,
134 F.3d 133, 143 (3d Cir. 1998).

Moreover, the Rooker-Feldman doctrine precludes "lower
federal court jurisdiction over claims that were actually
litigated or 'inextricably intertwined' with adjudication by a
state's courts." Parkview Assocs. at 324-325. Indeed, "a party's
recourse for an adverse decision in state court is an appeal to
the appropriate state appellate court … not a separate action in
federal court." Dinardo v. City of Jersey City, 2012 U.S. Dist.
LEXIS 71012 **6-7 (D.N.J. May 21, 2012); Turner v. Sec'y of the
United States HUD, 449 F.3d 536, 538, 541 (3d Cir.
2006)(Affirming district court's decision to grant summary
judgment on the basis of the Rooker-Feldman Doctrine).

Thus, the doctrine applies "when in order to grant the
federal plaintiff the relief sought, the federal court must
determine that the state court judgment was erroneously entered
or must take action that would render the judgment ineffectual."
Balthazar v. Atl. City Med. Ctr., 279 F. Supp. 2d 574, 584
(D.N.J. 2003). Also, plaintiff cannot "escape Rooker-Feldman by
raising a new constitutional theory in federal court where there
was a full and fair opportunity to litigate such a claim in
state court." Id. To meet the Rooker-Feldman bar, the moving
party must show the following:

(1) the federal plaintiff lost in state court

25

(2) plaintiff complains of injuries caused by [the] state court judgments

(3) the judgments were entered before the federal suit was filed

(4) plaintiff is inviting the district court to review and reject the state judgments.

Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

There is no dispute that the claims in the Federal Complaint are barred by Rooker-Feldman Doctrine. As previously confirmed, the claims alleged in the Federal Complaint were previously adjudicated or should have been raised in the New Jersey state court matters bearing docket nos. HUD-L-3611-15, HUD-L-1310-15 and HUD-LT-11861-15. Specifically, plaintiff previously brought claims alleging arbitrary and capricious conduct, malicious prosecution and violations of the NJLAD and could have asserted a Section 1983 claim in those state matters. Indeed, the facts involved in the matters bearing docket nos. HUD-L-3611-15, HUD-L-1310-15 and HUD-LT-11861-15 are the same facts upon which plaintiff will rely in the Federal Complaint. Continuing to litigate this matter would cause this Court to determine that the state court judgments were erroneously entered or would render those judgments ineffectual.

The claims and allegations in the Federal Complaint are clearly the same as those asserted in the aforementioned state court cases and are all based upon the same set of facts and involve many of the same parties. Despite the undisputed fact

that the state court cases have all been adjudicated, plaintiff improperly seeks to re-litigate the same claims in this District Court to obtain a better outcome. The elements that support the application of the Rooker-Feldman Doctrine have been met because the plaintiff lost in the state cases and he complains of injuries caused by the outcomes of the state cases. Moreover, by filing the Federal Complaint, plaintiff is improperly inviting this District Court to review and reject the state court judgments. Thus, the Federal Complaint should be dismissed with prejudice because it is barred by the Rooker-Feldman Doctrine.

<u>POINT V</u>

**PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §1983 AND THE NEW JERSEY LAW AGAINST DISCRIMINATION WITH REGARD TO THE SUMMONSES ISSUED TO HIM ON MARCH 4, 2011 ARE BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff's claims for violations of 42 U.S.C. §1983 and the NJLAD that are based upon the March Summonses are barred by the statute of limitations. The statute of limitations for claims under the NJLAD is two years and this claim accrues on the day of the alleged discriminatory act. <u>Lutzky v. Deutsche Bank Nat'l Trust Co.</u>, 2009 U.S. Dist. LEXIS 100062 *15 (D.N.J. 2009). The statute of limitations for claims under 42 U.S.C. §1983 is determined by New Jersey's statute of limitations for personal injury cases (N.J.S.A. 2A:14-2). Thus, the statute of limitations for a 42 U.S.C. §1983 claim is two years. A claim under 42 U.S.C. §1983 accrues when a plaintiff knows or has

27

reason to know of the injury that is the basis of his action. Hauptmann v. Wilentz, 570 F. Supp. 351, 396 (D.N.J. 1983).

Clearly, there is no dispute that plaintiff's claims arising out of the March Summonses accrued at the time they were issued (March 4, 2011). As such, plaintiff was required to bring claims for violations of the NJLAD and 42 U.S.C. §1983 by March 4, 2013. The Federal Complaint was filed on September 23, 2015, which is well beyond the statute of limitations. Consequently, plaintiff's claims for violations of the NJLAD and 42 U.S.C. §1983 insofar as they pertain to the March Summonses are barred.

<u>POINT VI</u>

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE UNDISPUTED MATERIAL FACTS CONFIRM THAT PLAINTIFF CANNOT SATISFY THE REQUISITE ELEMENTS TO ESTABLISH THE CAUSES OF ACTION ASSERTED IN THE FEDERAL COMPLAINT.**

A. **The Alleged Conduct that Supports All of Plaintiff's Claims.**

The Federal Complaint contains bald, conclusory assertions of unlawful conduct and fails to set forth a sufficient set of facts to establish the claims alleged. Moreover, as discussed below and in the Defendants' SOF, the evidence in this motion record, which includes plaintiff's answers to interrogatories and deposition testimony, confirm that plaintiff cannot satisfy the elements of the claims asserted in the Federal Complaint.

The allegations and evidence proffered by plaintiff to support his claims in the Federal Complaint are the same allegations and evidence that he submitted to establish the same

claims in the state court matters bearing docket numbers HUD-L-1310-15 and HUD-L-3611-15. The foregoing state cases were previously dismissed with prejudice because plaintiff failed to proffer sufficient evidence to establish his claims. Adelman Cert., Exh. D, G. Likewise, plaintiff cannot establish the claims in the Federal Complaint.

The underlying allegations that purportedly give rise to the claims in the Federal Complaint are based upon plaintiff's unsupported belief that the Defendants engaged in acts of racial discrimination and deprived plaintiff of his civil rights. Such conduct only consists of the following: Issuance of the September Summonses and March Summonses, the eviction of the Remarkable Mossi from the Bethune Center and the distribution of eviction notices. Adelman Cert., Exh. K, Pl. Tr. at p. P. 160-161, p. 194-197, p. 222, l. 22-25, p. 223, l. 1-20, p. 225, l. 13-17. Plaintiff contends that the Defendants caused these events to occur because of his race and nationality.

Defendants' request for answers to interrogatories and demand for documents included demands for documents and facts that support the claims in the Federal Complaint. In response, plaintiff failed to provide any facts or cite to any portions of the record. Rather, he merely provided unsupported, self-serving, conclusory statements and said that information supporting the claims in the Federal Complaint can be found in

the documents that were generated and exchanged in the following adjudicated state court matters: HUD-L-3611-15, HUD-L-1310-15, HUD-LT-11861 and A-2961-99T1 (Carrington v Lambiase and City of Jersey City; HUD-DC-008625-99). Adelman Cert., Exh. M, Pl. ATI at nos. 1, 2, 4, 6, 7, 8, 9, 23; Exh. N, Pl. Doc. Response at nos. 5, 6, 8, 13, 14, 18.

Plaintiff contends that even though he possessed the proper licenses to operate a food truck and host a party, Defendants issued the September Summonses and the March Summonses to him because of his race and nationality. The only purported evidence which plaintiff proffered to show that the Defendants issued the Summonses because of his race and nationality is as follows: (a) the Defendants failed produce documents showing that the types of Summonses issued to plaintiff were also issued to "white people" under similar circumstances, and (b) that no other person of any other race or nationality had ever been issued summonses for not having licenses to operate a food truck and to host a party when they actually possessed such licenses. Adelman Cert., Exh. K, Pl. Tr. at p. 160-161, p. 194-197; p. 160, l. 9-25, p. 161, l. 1-25, p. 164, l. 3-7, p. 195, l. 6-25, p. 196, l. 1-11, l. 24-25, p. 197, l. 1-8, p. 198, l. 7-14, p. 210, l. 23-25, p. 211, l. 1-4, 14-25 p. 212, 1-21. Such conduct does demonstrate that the Defendants issued the Summonses because of plaintiff's race and nationality. Thus, there are no facts or

evidence in the record showing that the Summonses were issued because of his race and nationality.

Plaintiff simply offers self-serving, unsupported statements that he is the only person that ever possessed proper licenses to operate a food truck and host a party, but still received summonses because of his race and nationality. He testified that, "[I]f you get a license to sell food and then you get a ticket saying you don't have it when you produce it, the only other reason is because you're black and this happened repeatedly." Adelman Cert., Exh. K, Pl. Tr. at p. 164, l. 3-7.

Plaintiff claims he was evicted from the Bethune Center due to his race and nationality. Adelman Cert., Exh. K, Pl. Tr. at p. 150, l. 22-25, p. 151, l. 1. To support this claim, plaintiff alleges that Alvin Pettit (an African American male who is the director of the Bethune Center) and Florence Holmes (a former employee of the Bethune Center) occupied the space which plaintiff previously occupied and that they did not have to pay rent and did not need a lease or license to use such space. Id., Exh. K, Pl. Tr. at p. 151, l. 13-18, p. 152, l. 5-14, 22, p. 153, l. 10-11, p. 154, l. 5-7, 5-10, 24-25, p. 155, l. 1-8, p. 219, l. 21-25, p. 220, l. 1-8; Deposition transcript of Alvin Pettit ("Pettit Tr.") at p. 5, l. 1-4, 20-22, p. 6., l. 1-6.

Because the Defendants did not produce any documents or evidence which show that plaintiff was not evicted due to his

31

race, plaintiff claims that this proves that he was evicted because of his race and nationality. Id., Exh. K, Pl. Tr. at p. 168, l. 1-9. Plaintiff further claims that eviction notices were posted due to his race. Id., Exh. K, p. 166-168. Even assuming that the foregoing allegations are true, such facts do not prove that plaintiff was evicted due to his race and nationality. Indeed, there are no facts or evidence in the record demonstrating that the Defendants evicted plaintiff from the Bethune Center due to his race or nationality. Rather, the undisputed facts confirm that plaintiff voluntarily left the Bethune Center. Id., Exh. I.

Additionally, the unlawful conduct allegedly committed by Attorney Hallanan consists of him posting eviction notices at the Bethune Center and otherwise assisting with the eviction of plaintiff from the Bethune Center. Adelman Cert., Exh. K, Pl. Tr. at p. 219, l. 2-9, p. 222, l. 1-6.

Plaintiff admitted that no racial slurs were ever stated to him. Adelman Cert., Exh. K, Pl. Tr. at p. 168, l. 20-25, p. 169, l. 1, p. 196. l. 14-24. Also, plaintiff does not have records which show that Defendants engaged in acts of racism towards the Remarkable Mossi. Id., Ex. K, Pl. Tr. at p. 175, l. 1-15.

### B.   Count I – Claim for Arbitrary and Capricious Action

"A state improperly deprives a person of a substantive due process right if it acts arbitrarily and capriciously." Goldberg

v. Egg Harbor Twp. Sch. Dist., 2011 U.S. Dist. LEXIS 131390 *15
(D.N.J. November 14, 2011). "To establish that an action or
policy is arbitrary and capricious, a plaintiff must prove that
the state did not have a rational basis for its conduct or that
it was motivated by bad faith or ill will unrelated to a
legitimate government objective." Id.

Here, Count I of the Federal Complaint alleges that the
Defendants arbitrarily and capriciously issued the Summonses to
plaintiff and evicted him from the Bethune Center because of his
race and nationality. Nevertheless, there is no dispute that
plaintiff failed provide any evidence from the record which
shows that the Defendants did not have a rational basis to evict
him from the Bethune Center or a rational basis to issue the
Summonses and there is no evidence that such conduct was
motivated by bad faith or ill will not related to a legitimate
government purpose.

Even if assumed to be true, the fact that plaintiff is the
only person that had proper licenses to operate a food truck and
host a party who still received the Summonses from the
Defendants and no other white person was ever subjected to this
type of conduct coupled with the fact that Alvin Pettit and
Florence Holmes occupied the space that plaintiff vacated
without paying rent or obtaining a license or a lease and that
the Defendants did not produce documents showing that a white

33

person was ever subjected to this conduct and no documents were produced to show that the Defendants did not discriminate against the plaintiff on the basis of his race and nationality, does not satisfy the elements for a claim of arbitrary and capricious conduct. Moreover, plaintiff voluntarily agreed to leave the Bethune Center and was not evicted. Adelman Cert., Exh. I. Thus, reasonable minds would only conclude that this claim should be dismissed with prejudice.

C.    **Count II – Violation of 42 U.S.C. §1983**

Count II of the Federal Complaint alleges that the Defendants violated 42 U.S.C. §1983 by "denying him equal protection of law and discriminating against the plaintiff on the basis of race … [and] deprived the plaintiff of rights, privileges and immunities secured by the constitution." Adelman Cert., Exh. J at Count II, ¶55. The record is devoid of evidence showing any specific conduct by the Defendants which deprived plaintiff of any rights due to his race. 42 U.S.C. §1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage … subjects, or causes to be subjected, any citizen … the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

To prove a claim under 42 U.S.C. §1983, plaintiffs must show that the alleged misconduct was "committed by a person acting under color of state law" and that "this conduct deprived

34

a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993); Pettit v. New Jersey, 2011 U.S. Dist. LEXIS 35452 at **11-12. Plaintiffs must "identify the exact contours of the underlying right said to have been violated." Downey v. Coal. Against Rape and Abuse, Inc., 143 F. Supp. 2d 423, 437 (D.N.J. 2001). Insofar as the claim under 42 U.S.C. §1983 pertains to the City, plaintiff must show that the City employed a policy that deprived him of his constitutional rights causing him to suffer an injury. Szemple v. Corr. Med. Servs., 493 Fed. Appx. 238, 241 (3d Cir. 2012) citing Monell v. Dept. of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

Other than plaintiff's bald, self-serving assertions in the Federal Complaint as well as in his deposition transcript and written discovery responses, there is no evidence in the record which shows that the Defendants engaged in conduct that amounts to a violation of 42 U.S.C. §1983. Indeed, the Federal Complaint states that "the defendants did not act under the color of law." Adelman Cert., Exh. J at ¶¶53-54. Further, there is no evidence which identifies conduct committed by the Defendants which deprived plaintiff of any rights. He also failed to produce any evidence showing the existence of unconstitutional policies that were utilized by the Defendants and deprived plaintiff of his civil rights. In addition to the racially motivated conduct

regarding the issuance of the Summonses and the eviction from the Bethune Center discussed above, plaintiff merely states that the Defendants disrupted and closed his business thereby depriving him of equal protection under the law. Id. at ¶52. There is no evidence to support this allegation.

Moreover, plaintiff was not evicted from the Bethune Center because he voluntarily agreed to leave. Adelman Cert., Exh. I. Further, plaintiff does not possess or know of any evidence which shows that the Remarkable Mossi was prevented from conducting business after it left the Bethune Center. Id., Exh. K, Pl. Tr. at p. 140, l. 17-21, p. 141, l. 2-18. Given plaintiff's failure to provide evidence which supports a Section 1983 claim, the reasonable trier of fact could only conclude that plaintiff cannot establish a claim under Section 1983 and that this claim should be dismissed with prejudice.

### D. **Count III — Malicious Prosecution**

To establish a claim for malicious prosecution in a civil matter, plaintiff must show: (1) the action was instituted by the defendant against the plaintiff with malice and without probable cause, (2) the action terminated favorably to plaintiff, and (3) plaintiff suffered a "special grievance." Emri v. Evesham Twp. Bd. of Educ., 327 F. Supp. 2d 463, 475 (D.N.J. 2004). The court has defined "special grievance" in malicious prosecution matters as "interference with a party's

36

personal liberty or property. Examples of … interference or deprivation sufficient to constitute the requisite special grievance are the appointment of a receiver, filing of a petition in bankruptcy, granting an injunction, issuance of a writ of attachment or writ of replevin, filing of a lis pendens, issuance of an order of arrest, wrongful interference with possession or enjoyment of property, etc." Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C., 11 F.3d 385, 389 (3d Cir. 1993). Moreover,

> The special grievance requirement is designed to [replace] … the injurious effects, including arrest, restraint, or attendant humiliation of being held on bail, finger-printed, and photographed, that ordinarily flow from a wrongfully instituted criminal charge. [NJ] courts have held the minimal impact of the commencement of civil litigation is insufficient on its own to demonstrate an injury.

Green v. Green, 899 F. Supp. 2d 291, 302 (D.N.J. 2012). Also, the law disfavors "actions for malicious prosecution because people should not be inhibited in seeking redress in the courts." Emri v. Evesham Twp. Bd. of Educ. at 475.

Here, plaintiff's allegations do not support a cause of action for malicious prosecution because he failed to identify any acts that constitute malice and failed to show that he suffered a special grievance. Indeed, there is no dispute that plaintiff cannot prove that the Defendants maliciously prosecuted him even if the trier of fact assumes that plaintiff

37

is the only person that had proper licenses to operate a food truck and host a party who still received the Summonses, and no other white person was subjected to this conduct, and that Alvin Pettit and Florence Holmes occupied the space that plaintiff vacated without paying rent or obtaining a license or a lease, and that the Defendants failed to provide documents showing that a white person was subjected to this conduct. Thus, the claim for malicious prosecution should be dismissed with prejudice.

### E.   Count IV – Law Against Discrimination

Plaintiff cannot establish a cause of action under the NJLAD. Under New Jersey law,

> All persons shall have the opportunity to obtain employment, and to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, publicly assisted housing accommodation, and other real property without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity or expression or source of lawful income used for rental or mortgage payments, subject only to conditions and limitations applicable alike to all persons. This opportunity is recognized as and declared to be a civil right.

N.J.S.A. 10:5-4.

Plaintiff simply makes conclusory assertions that the Defendants engaged in discriminatory acts due to his race and fails to specify conduct that amounts to discrimination. Further, there is no evidence showing that the Defendants

engaged in any conduct which constitutes discrimination. Given the purported allegations summarized above, reasonable minds would only conclude that the reasons for which plaintiff believes the Summonses were issued and the reasons for which plaintiff vacated the Bethune Center does not amount discriminatory behavior that violates the NJLAD. Consequently, this claim should be dismissed with prejudice.

<u>**POINT VII**</u>

**THE CLAIMS AGAINST THE CITY COUNCIL AND THE JERSEY CITY INTERNAL AFFAIRS UNIT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THESE DEFENDANTS CANNOT BE SUED**

The undisputed facts confirm that Plaintiff cannot establish any claims against the City Council and the Jersey City Internal Affairs Unit because they cannot be sued.

"[A] municipal police department is not an entity separate from the municipality." <u>Adams v. City of Camden</u>, 461 F. Supp. 2d 263, 266 (D.N.J. 2006). Rather, police departments are administrative arms of municipalities and cannot be sued as a separate entity under 42 U.S.C. §1983. <u>Easterling v. City of Newark</u>, 2016 U.S. Dist. LEXIS 157579 *5 (D.N.J. November 10, 2016) citing <u>Padilla v. Township of Cherry Hill</u>, 110 F. App'x 272, 278 (3d Cir. 2004)(affirming the district court's decision to grant the police department's motion for summary judgment); See <u>Bonenberger v. Plymouth Twp.</u>, 132 F.3d 20, 25 n.4 (3d Cir.

1997) (municipality and its police department treated as a single entity for purposes of section 1983 liability.)

Here, by order dated September 19, 2016, Judge Mannion previously determined that that the "Internal Affairs Unit is an arm of the City and is not separately subject to discovery." [Dkt. no. 40]. Moreover, because a police department cannot be sued separately from a municipality, it follows that the Internal Affairs Unit, which is part of the Police Department, cannot be sued separately from the City. Likewise, the City Council is not separate from the City and cannot be sued.

Under Section 1983, a defendant must be a person to be liable for civil rights violations. Didiano v. Balicki, 2011 U.S. Dist. LEXIS 41785 *20 (D.N.J. 2011). Police departments are not "persons" that are liable under Section 1983. Hohsfield v. Twp. of Manchester, 2010 U.S. Dist. LEXIS 96230, *16 n.2 (D.N.J. Sept. 14, 2010); Moncalvo v. City of Plainfield, 2017 U.S. Dist. LEXIS 21971 *4 (D.N.J. 2017); Brown v. Twp. of Berlin Police Dep't, 2010 U.S. Dist. LEXIS 111907 (D.N.J. October 20, 2010). This is because local police departments are not independent legal entities and are "a subunit, agency or instrumentality of the municipality through which the municipality fulfills its policing function." Id. at *7. Thus, police departments are not subject to suit under Section 1983. Further, New Jersey police departments are "an executive and enforcement function of

municipal government." N.J.S.A. 40A:14-118. Consequently, it follows that neither the Internal Affairs Unit nor the City Council are subject to suit.

**POINT VIII**

**THE CLAIMS AGAINST DEFENDANTS GERARDI, COLLIER, CRECCO, MULLAHEY, PEGUERO, HENNESSY, COMANDATORE, SHEA AND HALLANAN SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY WERE SUED IN THEIR OFFICIAL CAPACITIES.**

42 U.S.C. §1983 renders certain persons liable for deprivations of constitutional rights. However, neither a state nor its officials acting in their official capacities are "persons" under Section 1983 for purposes of liability and are not subject to suit. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 502 U.S. 21, 26 (1991); Martin v. Monroe Twp., 2011 U.S. Dist. LEXIS 6996 **15-16 (D.N.J. January 25, 2011). A suit against an official in their official capacity is not a suit against the official but is a suit against the official's office or the government entity. Will at 71; Egoavil v. City of Irvington, 2008 U.S. Dist. LEXIS 94581 **3-4(D.N.J. Nov. 19, 2008)(dismissing complaint against municipal police officer in officer's official capacity as indistinguishable from the municipality); Friedland v. Fauver, 6 F. Supp. 2d 292, 302 (D.N.J. 1998).

Claims against state officers acting in their official capacity are treated as suits against the state. Ryerson v. New Jersey, 2007 U.S. Dist. LEXIS 16335 *13 (D.N.J. March 6, 2007);

Monell, at 690 n. 55 ("official-capacity suits [is] another way of pleading an action against an entity of which an officer is an agent.") "[I]n an official-capacity suit, the [government or public] entity's policy or custom must have played a part in the violation of … law." Ky v. Graham, 473 U.S. 159, 166 (1986).

The claims against officers Gerardi, Collier, Crecco, Mullahey, Comandatore and Peguero arise out of their alleged conduct regarding the issuance of the Summonses. Clearly, these officers were working in their respective official capacities as police officers when the Summonses were issued. The allegations against Director Shea and attorney Hallanan are also based upon conduct performed in their respective capacities as director of public safety and assistant corporation counsel for the City. They are not "persons" under Section 1983 and the real party in interest is the City. Thus, plaintiff's claims are not against these individuals, but, are actually against the City.

Further, there is no dispute that plaintiff failed to identify any policies employed by these defendants that deprived him of any rights. He also failed to show that the City was the driving force that deprived plaintiff of his rights. Thus, all claims asserted against the foregoing defendants in their official capacities should be dismissed with prejudice.

## POINT IX

## PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED

Municipalities are immune from punitive damages under Section 1983. <u>City of Newport v. Fact Concepts, Inc.</u>, 453 U.S. 247, 271 (1981). Also, the New Jersey Tort Claims Act says "no punitive or exemplary damages shall be awarded against a public entity." N.J.S.A. 59:9-2(c). Government officials are immune from liability for punitive damages when sued in their official capacity. <u>Gregory v. Chehi</u>, 843 F.2d 111, 119-120(3d Cir. 1988).

Here, the undisputed facts confirm that plaintiff is not entitled to punitive damages. There is no evidence showing that the Defendants were reckless, committed evil-minded acts or were indifferent to plaintiff's rights. Further, the individuals in this case were sued in their official capacities. Thus, there is no basis for punitive damages.

## CONCLUSION

For the reasons stated herein and within the Defendants' SOF and the documents attached to the Adelman Cert., Defendants' motion for summary judgment should be granted and the Federal Complaint should be dismissed with prejudice.

Respectfully submitted,

**JEREMY FARRELL**
**CORPORATION COUNSEL**

Dated: November 21, 2017        */s/ Philip S. Adelman*
                               Philip S. Adelman
                               Assistant Corporation Counsel