```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY

PHILIP CARRINGTON, PRO SE,      : Civil Action No.
                                : 2:15-cv-07030-ES-SCM
     Plaintiff(s),              :
                                :
vs.                             :
                                :
CITY OF JERSEY CITY, JERSEY     :
CITY CITY COUNCIL, OFFICERS N.  :
GERAND, S. COLLIER, SEARGENT    :
JAMES CRECCO, OFFICERS SEAN     :
MULLAHEY, RAMON PEGUERO,        :
OFFICER HENNESSY, OFFICER       :
COMANDATORE, JERSEY CITY        :
INTERNAL AFFAIRS UNIT, POLICE   :
DIRECTOR JAMES SHEA, DIRECTOR   :
ALVIN PETTIT, JOHN HALLANA,     :
ASSIS CORP COUNSEL,             :
                                :
     Defendant(s).              :
_____:
```

**REPLY BRIEF ON BEHALF OF DEFENDANTS IN OPPOSITION
TO PLAINTIFF'S SUPPLEMENTAL BRIEF AND IN FURTHER
SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

> **PETER J. BAKER**
> **CORPORATION COUNSEL**
> Jersey City Law Department
> City Hall-280 Grove Street
> Jersey City, New Jersey 07302
> (T) (201) 547-4810;(F) (201) 547-5230
> E-mail: padelman@jcnj.org
> Attorneys for Defendants
> City of Jersey City, Jersey City City Council, Officers N. Gerardi, S. Collier, Sergeant James Crecco, Officers Sean Mullahey, Ramon Peguero, Officer Hennessy, Officer Comandatore, Jersey City Internal Affairs Unite, Police Director James Shea, Director Alvin Pettit, John Hallana, Assis Corp Counsel

**ON THE BRIEF:**

PHILIP S. ADELMAN, ESQ.
Assistant Corporation Counsel

**TABLE OF CONTENTS**

                                                                                                              **PAGE**

**TABLE OF CONTENTS** ........................................... i

**TABLE OF AUTHORITIES** ........................................ ii

**PRELIMINARY STATEMENT** ....................................... 1

**POINT I**

    PLAINTIFF'S CLAIMS FOR UNLAWFUL EVICTION DUE TO HIS RACE AND NATIONALITY SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF HAS FAILED TO PRODUCE ANY EVIDENCE SHOWING THAT THE DEFENDANTS ENGAGED IN ANY ACTS OF RACIAL MISCONDUCT ......................... 3

**POINT II**

    THE ARGUMENTS CONTAINED IN PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING MONIES ALLEGEDLY RECEIVED BY THE CITY FROM HUD SHOULD NOT BE CONSIDERED AND DOES NOT ESTABLISH OR SUPPORT PLAINTIFF'S CLAIMS .............. 6

**CONCLUSION** ................................................... 8

**TABLE OF AUTHORITIES**

                                                                                         **PAGE**

**FEDERAL STATUTES**

42 U.S.C. §1983 ....................................... 1, 6

**NEW JERSEY STATUTES**

N.J.S.A. 10:5-1 ....................................... 1, 6

**PRELIMINARY STATEMENT**

Pursuant to the Court's Order dated June 4, 2018, the Defendants respectfully submit this brief in opposition to Plaintiff's supplemental brief (Dkt. No. 118) ("Pl. Supp. Br.") and in further support of their motion for summary judgment. As demonstrated in the Defendants' prior submissions that are supported by the record and discussed herein,[1] summary judgment should be granted in favor of the Defendants because Plaintiff has failed to produce any evidence or otherwise establish that he was unlawfully evicted from the Bethune Center because of his race and/or nationality in violation of 42 U.S.C. 1983 and/or the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD"). Moreover, the facts contained in the Defendants' Statement of Facts (Dkt No. 98-1) should be deemed as admitted and undisputed because plaintiff failed to properly oppose or demonstrate a dispute regarding the facts contained in the Defendants' Statement of Facts.

Like his prior submissions, Plaintiff's supplemental brief is not supported by the record and solely consists of conclusory, self-serving statements and opinions which have no merit. While

---

[1] Defendants hereby incorporate by reference as if set forth at length herein all of the papers they previously submitted in support of their motion for summary judgment which includes the documents that bear the following document numbers (98, 108, 110, and 119).

1

Plaintiff contends that he paid all of his rent and possessed a valid lease at the time of his eviction, he has never produced a copy of a valid lease or proof that the rent was fully paid. Rather, Plaintiff only provided a lease that was not signed by the City together with copies of rent checks that amount to $62,055.28, which is well short of the total amount of rent owed to the City of Jersey City ("City") for the 124 months that Plaintiff occupied the Bethune Center.

Indeed, the Defendants have supplied undisputed evidence that Plaintiff was only permitted to occupy the Bethune Center from July 1, 2005 to August 31, 2005. *Certification of Philip Adelman dated November 21, 2018 (Dkt No. 98-5)("Adelman Cert."), Exh. A.* Accordingly, the undisputed record would only permit reasonable minds to conclude that plaintiff was properly evicted because he failed to fully satisfy his rent obligations and there was no valid lease or license authorizing him to occupy the Bethune Center subsequent to August 31, 2005. Plaintiff's argument that he was only evicted from one particular room is a red herring because he had no authority to occupy any portion of the Bethune Center and did not fully pay rent for any room he utilized.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS FOR UNLAWFUL EVICTION DUE TO HIS RACE AND NATIONALITY SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF HAS FAILED TO PRODUCE ANY EVIDENCE SHOWING THAT THE DEFENDANTS ENGAGED IN ANY ACTS OF RACIAL MISCONDUCT**

There is no creditable evidence in the record which demonstrates that Plaintiff was evicted from the Bethune Center because of his race and nationality. Rather, the undisputed evidence confirms that Plaintiff was evicted because he failed to fully pay rent and did not have a valid license or lease authorizing him to occupy the Bethune Center.

Plaintiff failed to identify any specific conduct which constitutes racism and simply offered various unsupported conclusory statements and personal opinions about the basis of his eviction. *Adelman Cert., Exh. K, Pl. Tr. at p. 150, l. 22-25, p. 151, l. 1-18, p. 152, l. 5-22, p. 154, l. 5-7.* More specifically, Plaintiff concluded that he was evicted because of his race because the director of the Bethune Center and a former employee occupied the room from which he was evicted and they did not have to pay rent to use the room. Plaintiff also erroneously argued he was evicted due to his race and nationality because the Defendants did not produce documents which show that he was not evicted due to his race. *Id. at p. 168, l. 1-9.* Finally, plaintiff contends that

3

eviction notices were posted because of his race. Id. at p. 166-168.

Importantly, plaintiff admitted that no racial slurs were made towards Plaintiff in connection with the eviction. *Adelman Cert., Exh. K, Pl. Tr. at p. 168, l. 20-25, p. 169, l. 1.* Plaintiff also confirmed that he did not possess any records which showed that Defendants engaged in acts of racism. Id. *at p. 175, l. 1-15.*

Moreover, contrary to Plaintiff's conclusory assertions in his supplemental brief, Plaintiff has never produced a valid lease or license agreement authorizing him to occupy the Bethune Center after August 31, 2005. In fact, plaintiff admitted that he "occupied room 105 [in the Bethune Center] from 2003 to January 4, 2016 without City Council approval," and that "the license agreement for room 105 never became a resolution." *See Plaintiff's statement of undisputed facts ("Pl. SOF")(Dkt No. 100-1) at ¶¶18, 23.* Indeed, the City Clerk's Office, confirmed that it did not possess any documents showing that plaintiff was authorized to remain in the Bethune Center after August 31, 2005. Plaintiff failed to produce any evidence to rebut the City Clerk's conclusions. *See December 12, 2016 Certification of the City's Clerk Robert Byrne ("Byrne Cert.") (Dkt No. 108-2).*

Furthermore, there is no evidence to support plaintiff's claim that he paid $91,031.17 in rent to the City and that he is

4

owed $73,143.67. Pl. Supp. Br. at ¶5. Indeed, plaintiff has not brought any such claims seeking reimbursement of rental payments and he cannot amend his pleadings with his supplemental brief. Of equal importance, plaintiff has only proffered copies of 53 checks which indicate that he only paid a total of $62,055.28, which well short of the amount of rent he owed to the City. *See Plaintiff's Exhibits to his Motion for Summary Judgment ("Pl. Exh.")(Dkt no. 100-3) at Exh. A14 to A27.*

Additionally, there is no evidence demonstrating that the eviction notice was posted because of plaintiff's race. Plaintiff incorrectly argues that the eviction notice stated that Plaintiff did not have a license to operate a day care center and instructed his clients to retain other day care centers. The eviction notice, however, clearly stated that the Remarkable Mossi was no longer permitted to operate its business at the Bethune Center and listed other day care centers for any inconvenience associated with the Remarkable Mossi's eviction – the City expressly stated that it did not recommend or endorse any of the listed centers. *Pl. Exh. at Exh. C1.*

As discussed at length in the Defendants' prior submissions filed in support of their motion for summary judgment and herein, it is clear that Plaintiff was lawfully evicted because he did not have a valid lease and failed to pay rent to the City. *Adelman Cert., Exh. G.* Thus, when considering Plaintiff's unsupported

5

statements in the light most favorable to him, reasonable minds would not conclude that plaintiff was unlawfully evicted due to his race. Accordingly, plaintiff cannot prove his claims for unlawful eviction on the basis of his race in violation of the NJLAD and Section 1983 or any other statute and such claims should be dismissed with prejudice.

### POINT II

**THE ARGUMENTS CONTAINED IN PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING MONIES ALLEGEDLY RECEIVED BY THE CITY FROM HUD SHOULD NOT BE CONSIDERED AND DOES NOT ESTABLISH OR SUPPORT PLAINTIFF'S CLAIMS**

For the first time, Plaintiff has improperly now raised issues concerning purported funds that the City received from HUD. Indeed, he appears to suggest that the monies allegedly provided by HUD to the City demonstrated that Plaintiff was authorized to occupy the Bethune Center and was unlawfully evicted. Pl. Supp. Br. at ¶¶20-22, 25-28. Not only should the Court ignore Plaintiff's arguments concerning HUD, but such allegations are not supported by the record and fail to show that he was unlawfully evicted or that he was authorized to occupy the Bethune Center. The limited set of documents attached to Plaintiff's supplemental brief do not even support the arguments set forth in his brief.

Even assuming that the City received HUD funds as alleged by Plaintiff, this does not mean that Plaintiff is excused from paying rent, permitted to occupy the Bethune Center or entitled to any

reimbursement or reduction in the amount of rent owed. Paragraphs 21-22 of the Plaintiff's supplemental brief contend that Larry Bembry is the Director of the Grant Administrative Division and that he concluded that Plaintiff met all rental requirements regarding his occupation of the Bethune Center. There is no evidence that Mr. Bembry had any authority to enter into leases on behalf of the City and there is no evidence of his purported involvement with the Bethune Center whatsoever.

Indeed, the July 12, 2007 letter from the Division of Community Development supplied by Plaintiff with his supplemental brief simply shows that the Remarkable Mossi was authorized to receive a Community Development Block Grant and the letter makes no mention of Mr. Bembry. This grant has nothing to do with Plaintiff's occupancy of the Bethune Center and does not permit him to stay at the Bethune Center. Likewise, the remaining documents attached to Plaintiff's supplemental brief do not contain any evidence or information concerning Plaintiff's occupancy and alleged unlawful eviction from the Bethune Center.

Plaintiff's supplemental brief failed to show that he was unlawfully evicted from the Bethune Center and improperly addressed irrelevant issues that were not previously raised or alleged in Plaintiff's pleadings. Accordingly, such information does not support any of Plaintiff's claims and should not be considered in this matter.

## CONCLUSION

For all of the reasons stated herein coupled with the arguments and facts set forth in Defendants prior submissions, it is respectfully requested that the Defendants' motion for summary judgment be granted and that Plaintiff's complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

**PETER J. BAKER**
**CORPORATION COUNSEL**

*/s/ Philip S. Adelman*
Philip S. Adelman, Esq.
Assistant Corporation Counsel

Dated: July 20, 2018

cc: Philip Carrington (Via ECF, electronic mail & certified mail)